## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONALD WILLIAMS,

      Plaintiff,

          v.

BRADEN DRILLING, LLC and EAST
RESOURCE OIL COMPANY,

      Defendants.

CIVIL ACTION NO. 3:11-cv-2342

(JUDGE CAPUTO)

### MEMORANDUM

Presently before the Court is a Notice of Removal by Defendant Braden Drilling, LLC (Doc. 1.) Because the Notice of Removal fails to establish that this Court has subject matter jurisdiction over the action, it will be remanded unless the Defendant can show that diversity jurisdiction is proper.

### I. Background

Braden Drilling, LLC removed this personal injury action from the Court of Common Pleas of Bradford County, Pennsylvania, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.[1] The Notice of Removal alleges that Braden Drilling, LLC is "a West Virginia limited liability company with a principal place of business located at 84 Red Rock Road, Buckhannon, West Virginia. (Doc. 1 at ¶ 4).

---

[1]Defendant East Resource Oil Company has not joined in the Notice of Removal as it has not yet been served. (Doc. 1 at ¶ 13). This is permissible, as "[i]t is well established that a defendant that has not been served at the time the removing defendants file their notice of removal is not required to join in the notice of removal or otherwise consent to removal. *Xia Zhao v. Skinner Engine Co.*, No. 11-2536, 2011 WL 3875524 at *2 n.5 (E.D. Pa. Sept. 2, 2011) (citing *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985)).

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Defendants allege that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

In this case, the Defendant's Notice of Removal fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently alleges the citizenship of the Defendant Braden Drilling, LLC. The Notice alleges that Braden Drilling, LLC is "a West Virginia limited liability company with a principal place of business located at 84 Red Rock

Road, Buckhannon, West Virginia. (Doc. 1 at ¶ 4). These are the necessary averments to determine the states of citizenship of a corporation. See 28 U.S.C. § 1332(c)(1). However, LLC denotes not a corporation, but a limited liability corporation, and "the citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)) (affirming the "oft-repeated rule that diversity jurisdiction in a suit by or against [an artificial] entity depends on the citizenship of 'all the members'"); *see also* 1 Fed. Proc., L. Ed. § 1:176 (2011) (acknowledging that a "limited liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens.").

Here, the Notice of Removal fails to allege facts regarding the citizenship of the members of Braden Drilling, LLC. As such, the Court cannot determine whether complete diversity of citizenship exists between the parties and the case is subject to remand. 28 USC § 1447(c); *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009) ("Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand."); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

If the Defendant can show that diversity-of-citizenship jurisdiction exists, thereby saving removal, they will be permitted to do so pursuant to 28 U.S.C. § 1653. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts.").

3

## III. Conclusion

The Notice of Removal fails to show the existence of subject matter jurisdiction. The Defendant will be given an opportunity to amend its notice of removal if it can show that diversity of citizenship jurisdiction exists. Defendant will be given twenty-one (21) days in which to file an amended Notice of Removal. Failure to do so will result in this action being remanded to state court. An appropriate order follows.

_December 22, 2011_

Date

A. Richard Caputo
United States District Judge

4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DONALD WILLIAMS,

      Plaintiff,

          v.

BRADEN DRILLING, LLC and EAST
RESOURCE OIL COMPANY,

      Defendants.

CIVIL ACTION NO. 3:11-cv-2342

(JUDGE CAPUTO)

## ORDER

NOW, this _22nd_ day of December, 2011, **IT IS HEREBY ORDERED** that Defendant Braden Drilling, LLC is given leave to file an amended notice of removal within twenty-one (21) days from the date of this order.  If the Defendant fails to do so, the action will be remanded to the Court of Common Pleas of Bradford County, Pennsylvania.

A. Richard Caputo
United States District Judge