**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DONALD WILLIAMS,

    Plaintiff,

    v.

BRADEN DRILLING, LLC and
EAST RESOURCE OIL COMPANY,

    Defendants.

CIVIL ACTION NO. 3:11-CV-2342

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Motion for Summary Judgment filed by Co-Defendant East Resources, Inc. (incorrectly named as "East Resource Oil Company") ("East Resources"). (Doc. 29.) The instant action arises out of an accident at a well site owned by East Resources, which resulted in personal injury to Plaintiff Donald Williams ("Williams"). East Resources seeks summary judgment against Williams, alleging that he failed to introduce evidence of negligence on the part of East Resources, and that because Discovery has closed, Williams will not be able to do so. Furthermore, East Resources alleges that all of the evidence demonstrates that if there was any negligent conduct, Williams was more than half responsible and so is barred from recovery by Pennsylvania's Comparative Negligence Statute, 42 Pa. C.S. § 7102(a). Because the evidence when viewed in the light most favorable to the Plaintiff would allow a rational jury to conclude that the nominal employees of Co-Defendant Braden Drilling, LLC ("Braden") were in an employment relationship with East Resources, and the employees' failure to act with reasonable care when working with heavy equipment caused Williams' injuries, and that Williams was not more than half responsible for his injuries, East Resources' Motion for Summary Judgment will be denied.

## I. Background

### A. Procedural History

Plaintiff Donald Williams originally filed this action in the Pennsylvania Court of Common Pleas of Bradford County on November 17, 2011. (Doc. 1, *Ex. A*.) Defendant Braden Drilling, LLC ("Braden") removed this case to United States District Court for the Middle District of Pennsylvania in December 2011. (Doc. 1.)

On August 9, 2012, in its Answer to Plaintiff's Complaint, Defendant East Resources, Inc. ("East Resources") added a cross-claim against Defendant Braden for contribution and/or indemnification. (Doc 9, 7-8.) On August 24, 2012, Braden amended its Answer to Plaintiff's initial Complaint to include a cross-claim against co-defendant East Resources. (Doc. 12.) Following Answers by both Defendants to cross-claims (Docs. 12 & 13), a Case Management Conference (Doc. 19) and a Case Management Order (Doc. 20), the parties began discovery in August 2013. On February 24, 2014, I granted a Motion to Extend Discovery until April 1, 2014. (Doc. 25.)

On April 30, 2014, East Resources filed the instant Motion for Summary Judgment (Doc. 29), its Brief in Support (Doc. 29-1) and Statement of Material Facts (Doc. 29-3), seeking judgment in its favor with respect to Plaintiff Williams' claim against East Resources.

Williams' Brief in Opposition was due on May 27, 2014. *See* Fed. R. Civ. P. 5(b)(2)(c); Fed. R. Civ. P. 6(); M.D. Pa. L.R. 7.6. Williams failed to file a Brief in Opposition, or otherwise oppose East Resources' Motion. Thus, East Resources' Motion for Summary Judgment is ripe for disposition.

### B. Source of Factual Background

Because Williams failed to file a Statement of Material Facts in response to East Resources' Summary Judgment Motion controverting East Resources' properly filed Statement, all material facts set forth in Defendant's Statement of Material Facts and

2

attached exhibits (Doc. 29-3) will be deemed admitted pursuant to Middle District of Pennsylvania Local Rule 56.1.  *See* M.D. Pa. L.R. 56.1 (providing, in pertinent part, that "[s]tatements of material fact in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.  All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.").

**C. Factual Background**

This dispute arises out of an accident on November 19, 2009 at the site of a gas well in Wellsboro, Pennsylvania.  (Doc. 29-3, ¶¶1-2.)  Plaintiff Donald Williams ("Williams") alleges that he sustained personal injuries while installing a piece of heavy equipment on an oil rig.  (*Id.* at ¶¶2-3.)  At the time of the incident, Williams was employed as a gas well technician by non-party Tesco Corporation ("Tesco").  (*Id.*)

Movant East Resources owns the oil, gas, mineral and development rights to the parcel of land in Wellsboro, called Brown Well, where this incident occurred.  (*Compl.*, *Ex. A*, Doc. 1, 4.)  East Resources hired Co-Defendant Braden to drill a gas well at Brown Well. (*Id.*)  East Resources leased drilling equipment from non-party Tesco, Williams' employer, for use at Brown Well.  (*Id.*)

At the time of the accident, Williams was installing equipment leased by Tesco to East Resources on the rig at Brown Well.  (Doc. 29-3. at ¶4.)  The equipment–the "top drive"–was suspended from a crane.  (*Id*.)  The crane holding the top drive was operated by an employee of the drilling company, Braden.  (*Id.* at ¶6.)  Williams' task was to remove a carrying stand in order to put the top drive into service.  (*Id.* at ¶5.)  Williams was working closely with a "rig crew" of Braden employees.  (Doc. 29-3, 20.)  During the installation, the top drive came down onto Williams' left foot and severed four of his toes.  (*Id.* at ¶7.)

3

## II. Legal Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wright v. Corning*, 679 F.3d 101, 103 (3d Cir. 2012) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. *See Edelman v. Comm'r of Soc. Sec.*, 83 F.3d 68, 70 (3d Cir. 1996). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. 242, 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*. Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See Howard Hess Denal Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The moving party may present its own evidence or, where the non-moving party has the burden of proof, simply point out to the court that "the non-moving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v.*

*Potter*, 476 F.3d 180, 184 (3d Cir. 2007).  Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. 242, 256-57. The Court need not accept mere conclusory allegations, whether they are made in the Complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

"To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007) (citing Fed. R. Civ. P. 56(e)).  "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Id*. (quoting *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)). In deciding a Motion for Summary Judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. 242, 249.

As noted, East Resources filed its Motion for Summary Judgment against Williams, Statement of Material Facts, and Brief in Support on April 30 and May 1, 2014.  Williams, however, has failed to oppose East Resources' Motion.  East Resources' Motion for Summary Judgment is thus deemed unopposed.  Moreover, because Williams failed to file a Statement of Material Facts controverting East Resources' properly cited and filed Statement of Facts, all material facts set forth in East Resources' Statement (Doc. 29-3) will be deemed admitted pursuant to Middle District of Pennsylvania Local Rule 56.1.  *See* M.D. Pa. L.R. 56.1 (providing, in pertinent part, that "[s]tatements of material fact in support of, or in opposition to, a motion shall include references to the parts of the record that support the

statements. All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."). Williams likewise failed to submit any evidence in response to that submitted by East Resources. Nonetheless, I must still analyze the merits of East Resources' Motion to determine whether summary judgment is appropriate. *See Lorenzo v. Griffith*, 12 F.3d 23, 28 (3d Cir. 1993); *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 174-75 (3d Cir. 1990); *Moultrie v. Luzerne Cnty. Prison*, 2008 WL 4748240, at *2 (M.D. Pa. Oct. 27, 2008).

### III. Discussion

East Resources seeks summary judgment against Plaintiff Williams because it asserts that he failed to introduce evidence of East Resources' negligence, and because Plaintiff's contributory negligence bars his recovery under the applicable Pennsylvania law.

**A. Negligence of East Resources**

Williams' negligence claim against East Resources is governed by Pennsylvania law. Pennsylvania law requires proof of four elements to establish a negligence claim:

> (1) a duty or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure to conform to the standard required; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting in harm to the interests of another.

*Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. 2005) (applying Pennsylvania law).

"Whether a defendant owes a duty to a plaintiff is a question of law." *Warnick v. Home Depot U.S.A., Inc.*, 516 F. Supp. 2d 459, 465 (E.D. Pa. 2007) (quoting *In re TMI,* 67 F.3d 1103, 1117 (3d Cir.1995)). Neither Williams nor East Resources make explicitly clear under what theories they assert or deny East Resources' legal duty to Plaintiff Williams. Williams appears to assert his claim against East Resources under a theory of vicarious liability: that East Resources is liable to him because East Resources' employees or agents acted negligently, within the scope of their employment, in operating the drilling equipment,

which caused Williams' injuries.  (*Compl.* ¶12.)[1]

I first turn to the question of whether the workers that Williams alleges acted negligently and caused him injury (those installing equipment with him) were independent contractors of East Resources or instead in an employment relationship with East Resources.  East Resources is vicariously liable for the negligent conduct of the men working with Williams if the men were in an employment relationship with East Resources, and acting within the scope of their employment.  *Wilson v. IESI N.Y. Corp.*, 444 F. Supp. 2d 298, 313 (M.D. Pa. 2006) (quoting *Drexel v. Union Prescription Ctrs., Inc.*, 582 F.2d 781, 785 (3d Cir.1978)).

The men who Williams alleges acted negligently were nominally employees of East Resource's independent contractor, Braden.  Specifically, he asserts that the crane operator on the project improperly did not hold the load of the block against the spring, which caused the equipment to land on Williams' foot.  (*Williams Dep.*,32:24-33:13, Doc. 29-1, *Ex. A*.)  Typically, under Pennsylvania law, when an independent contractor causes injury, the party employing the independent contractor is not liable to the injured third person.  *Wilson*, 444 F. Supp. 2d 298, 313 (citing *Drexel*, 582 F.2d 781, 785).  "However, when the relationship between the parties is that of 'master-servant' or 'employer-employee,' as distinguished from 'independent contractor-contractee,' the master or employer is vicariously liable for the servant's or employee's negligent acts committed within the scope of his employment."  *Id.* (quoting *Drexel*, 582 F.2d 781, 785).  A person named as an independent contractor can legally have an employment relationship with the hiring company.  *Id*.

The question of whether East Resources is vicariously liable for the conduct of the

---

[1] In his Complaint, Williams writes that his injuries were the result of "the negligent, careless, wanton and reckless manner in which defendants Braden Drilling, LLC and East Resources Oil Company operated said drilling equipment as follows:
(a) failure to have the equipment under such control as to be able to stop it from falling onto plaintiff's foot
(b) failure to keep alert and maintain a proper watch on the operation of the crane like device
(c) failure to keep proper and adequate control over the equipment;
(d) in otherwise operating the equipment, in a manner endangering persons and property and in a reckless manner with careless disregard to the rights and safety of others." (*Compl.* ¶12).

crane operator turns on whether the crane operator had an employment relationship with East Resources.  To determine if "a person is an employee or an independent contractor, the basic inquiry is whether such person is subject to the alleged employer's control or right to control with respect to his physical conduct in the performance of the services for which he was engaged." *Id.* at 313 (quoting *Green v. Indep. Oil Co.*, 201 A.2d 207, 210 (Pa. 1964) (footnote omitted)).  There are other factors to examine, including:

> whether the person has responsibility for results only, the terms of any agreement between the parties, the nature of the work to be done; the skill required for performance, whether one employed is engaged in a distinct occupation or business, which party supplies the tools, whether payment is by time or by the job; whether the work is part of the regular business of the employer, and the right to terminate employment at any time.

*Wilson* 444 F. Supp. 2d 298, 313 (citing *Hammermill Paper Co. v. Rust Eng'g Co.,* 243 A.2d 389, 392 (Pa. 1968)).  "[C]ontrol over the work to be completed and the manner in which it is to be performed are the primary factors in determining employee status.  Moreover, it is the existence of the *right* to control that is significant, irrespective of whether the control is actually exercised." *Id.* (quoting *Universal Am–Can, Ltd. v. Workers' Comp. Appeal Bd.*, 762 A.2d 328, 333 (Pa. 2000) (internal citations omitted)).

Neither party has directly addressed or provided clear evidence on this material fact.  However, taking into account all that is before me, viewing the evidence in the light most favorable to the plaintiff would allow a reasonable jury to conclude that Braden's employees working on the installation with Williams were in an employment relationship with East Resources.  There is a genuine dispute of material fact as to whether Braden's employees were in fact independent contractors, and in such cases "it is the function of the jury to determine the precise nature of the relationship between the parties." *Wilson* 444 F. Supp. 2d 298, 314 (citing *Green*, 201 A.2d 207, 210).

Neither party has pointed to direct evidence as to whether East Resources controlled, or had the ability to control, how the men carried out their installation.  The evidence that has been presented leaves this material fact in dispute.

The evidence leaves unclear the degree to which East Resources had employees

8

present for the installation. Movant argues that in Williams' deposition, he refers to the men he worked with as Braden employees, and says that there were no East Resources employees on-site. (Doc. 21-1, 2.) However, in the same deposition, Williams states that there was at least one East Resources employee on location. (*Williams. Dep.*, 72:19-72:14.) In response to East Resources' question about whether anyone from East Resources was in the immediate vicinity and involved with the lift, Mr. Williams says that he did not know. (*Id.* at 73:22-74:6.) Elsewhere in his deposition, Mr. Williams is unclear as to who was an employee of East Resources and who was a contractor. (*Id.* at 72:19-73:2.)

Another fact that calls into dispute the crane operator's contractor status is that the equipment he was working with–the top drive–was leased not by his official employer, Braden, but by East Resources. Who supplies a worker's equipment is an important part of the employment relationship inquiry. It is not clear whose crane he was operating. Another piece of evidence that may demonstrate an employment relationship between East Resources and the Braden employees working with Williams is that Tesco, Williams' employer, was a contractor of East Resources, not Braden. The Braden employees involved in the incident were working under the direction of a contractor of East Resources–Mr. Williams. (Doc. 29-3, 2.)

Neither party has presented evidence with respect to the other elements of the employment relationship inquiry. Genuine issues of material fact exist as to whether the men involved in the incident were serving in an employment relationship with East Resources, such that East Resources could be vicariously liable for their actions. Movant East Resources has failed to introduce sufficient evidence such that a reasonable jury could not find that the employees with whom Williams worked were in an employment relationship with East Resources.

Furthermore, should a jury determine that the men involved in the incident were acting as East Resources employees, the record viewed in the light most favorable to the Plaintiff would allow a rational jury to conclude that they acted negligently–that is, they failed to conform to the duty of care required. *Nw. Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139

(3d Cir. 2005) (applying Pennsylvania law). Mr. Williams asserts in his deposition that the crane operator did not properly hold and control the heavy weight, and that is why the drill fell on his foot. East Resources makes no attempt to rebut these statements. There is evidence that a rational jury could decide that the men working with Williams failed to act with reasonable care. As to the third prong of Pennsylvania's negligence standard, "a causal connection between the conduct and the resulting injury," (*Id.*) given the basic facts of the situation, a reasonable jury could find this causal connection.

On the final element of a negligence claim under Pennsylvania law, "actual loss or damage resulting in harm to the interests of another," (*Id.*) the undisputed evidence demonstrates that Plaintiff did indeed suffer an injury–the loss of his toes.

## B. Negligence of Plaintiff Williams

Under Pennsylvania's Comparative Negligence Statute, a plaintiff cannot recover against another party under a theory of negligence if his own negligence was more than 50% responsible for his injuries. *See* 42 Pa. C.S. § 7102(a). Here, there is a genuine factual dispute as to the claim of contributory negligence, as a reasonable jury could find that Williams was 50% or less responsible for his injuries. Furthermore, the Third Circuit has held that comparative negligence questions are almost always a matter of fact for a jury to determine. *Bouchard v. CSX Transp., Inc.*, 196 F. App'x 65, 70 (3d Cir. 2006).

Thus, Summary Judgment is not appropriate with respect to East Resources' claim that Plaintiff Williams' action is barred by his comparative negligence.

## IV. Conclusion

For the above reasons, East Resources' Motion for Summary Judgment against Donald Williams will be denied.

An appropriate order follows.

| 9/24/2014 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |