**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DONALD WILLIAMS,

    Plaintiff,

    v.

BRADEN DRILLING, LLC and
EAST RESOURCE OIL COMPANY,

    Defendants.

CIVIL ACTION NO. 3:11-CV-2342

(JUDGE CAPUTO)

## MEMORANDUM

Presently before the Court is the Motion for Summary Judgment filed by Co-Defendant Braden Drilling, LLC ("Braden") on its contractual cross-claim (Doc. 12) against Co-Defendant East Resources, Inc. (incorrectly named as "East Resource Oil Company") ("East Resources"). (Doc. 26.) The instant action arises out of an accident at a well site owned by East Resources, which resulted in personal injury to Plaintiff Donald Williams ("Williams"), an employee of one of East Resources' contractors that is not a party to this action. East Resources contracted with Braden, a drilling company, to work on this well site. Williams brought suit against both East Resources and Braden under a theory of negligence for his personal injury. Braden's cross-claim is based upon its contract with East Resources at the time of the incident which gives rise to these claims. Braden seeks summary judgment against East Resources, alleging that the express terms of the parties' contract require that East Resources indemnify Braden against the underlying claims and pay Braden's costs and attorneys' fees in this suit. There are no genuine issues of material fact. Because the parties' contract included an unambiguous, enforceable indemnity agreement, under which East Resources agreed with specificity to indemnify Braden in cases such as the present one, Braden's Motion for Summary Judgment will be granted.

# I. Background

**A. Factual Background**

This diversity action arises out of an accident on November 19, 2009 at a gas well in Wellsboro, Pennsylvania. (Doc. 29-3, ¶¶1-2.) Plaintiff Donald Williams ("Williams") alleges that he sustained personal injuries while installing a piece of heavy equipment on an oil rig. (*Id.* at ¶¶2-3.) Williams was employed as a gas well technician by non-party Tesco Corporation ("Tesco"). (*Id.*) At the time of the alleged accident, Williams was engaged in work within the scope of his employment at Tesco, pursuant to a contract (Doc. 28, *Ex. A*) between East Resources and Tesco. (Doc. 30, ¶¶4-5.)

East Resources owns the oil, gas, mineral and development rights to the parcel of land, called Brown Well, where this incident occurred. (*Compl.*, *Ex. A*, Doc. 1, 4.) East Resources hired movant Braden to drill a gas well at Brown Well. (*Id.*) East Resources leased drilling equipment from non-party Tesco, Williams' employer, for use by Braden employees at Brown Well. (*Id.*)

At the time of the incident, Williams was installing equipment leased by Tesco to East Resources on the rig at Brown Well. (Doc. 29-3. at ¶4.) The equipment–the "top drive"–was suspended from a crane. (*Id.*) The crane holding the top drive was operated by an employee of the drilling company, Braden. (*Id.* at ¶6.) Williams' task was to remove a carrying stand in order to put the top drive into service. (*Id.* at ¶5.) Williams was working closely with a "rig crew" of Braden employees. (Doc. 29-3, 20.) During the installation, the top drive came down onto Williams' left foot and severed four of his toes. (*Id.* at ¶7.)

The Braden employees working with Williams at the time of the incident were working pursuant to a contract (Doc. 28, *Ex. B*) between Braden and East Resources. (Doc. 30, ¶6.) Throughout the contract, East Resources is identified as the Operator, and Braden is identified as the Contractor. (Id. at ¶¶8-9.)

The contract contained reciprocal, but not identical, indemnity provisions which are the bases for Braden's instant Motion for Summary Judgment against East Resources. (Doc. 28, *Ex. B.*) Braden asserts that under the contract, East Resources must indemnify it in this

present suit. East Resources disputes that the provision should apply, and asserts that this question is not appropriately resolved through summary judgment.

At issue are Sections 14.8 and 14.9 (also called "subparagraphs" 14.8 and 14.9). Section 14.8 obligates Braden to indemnify East Resources in certain situations:

> [Braden] shall release [East Resources] of any liability for, and shall protect, defend and indemnify [East Resources] from and against all claims, demands and causes of action of every kind and character, without limit and without regard to the cause or causes thereof or the negligence of any party or parties, arising in connection herewith in favor of [Braden's] employees or [Braden's] subcontractors of any tier (inclusive of any agent or consultant engaged by [Braden]) or their employees, or [Braden's] invitees, on account of bodily injury, death, or damage to property. [Braden's] indemnity under this Paragraph shall be without regard to and without any right to contribution from any insurance maintained by [East Resources] pursuant to Paragraph 13. If it is judicially determined that the monetary limits of insurance required hereunder or of the indemnities voluntarily assumed under Subparagraph 14.8 (which [Braden] and [East Resources] agree will be supported either by available liability insurance, under which the Insurer has no right of subrogation against the indemnitees, or voluntarily self-insured, in part or whole) exceed the maximum limits permitted under applicable law, it is agreed that said insurance requirements or indemnities shall automatically be amended to conform to the maximum monetary limits permitted under such law.

(Doc. 28, *Ex. B.*) Section 14.9 obligates East Resources to indemnify Braden in certain situations:

> [East Resources] shall release [Braden] of any liability for, and shall protect, defend and indemnify [Braden] from and against all claims, demands, and causes of action of every kind and character, without limit and without regard to the cause or causes thereof or the negligence of any party or parties, arising in connection herewith in favor of [East Resources's] employees or [East Resources'] contractors of any tier (including any agent, consultant or subcontractor engaged by [East Resources] ) or their employees, or [East Resources'] invitees, other than those parties identified in subparagraph 14.8 on account of bodily injury, death or damage to property. [East Resources'] indemnity under this Paragraph shall be without regard to and without any right to contribution from any insurance maintained by [Braden] pursuant to Paragraph 13. If it is judicially determined that the monetary limits of insurance will be supported either by available liability insurance, under which the insurer has no right of subrogation against the indemnitees, or voluntarily self-insured, in part or whole) exceed the maximum limits permitted under applicable law, it is agreed that said insurance requirements or indemnitees shall automatically be amended to conform to the maximum monetary limits permitted under such law.

(*Id.*)

The contract states that Pennsylvania law would govern any legal disputes.  (Doc. 28, *Ex. B, section 18.*)  The contract is based on an industry template, the International Association of Drilling Contractors' Drilling Bid Proposal and Daywork Drilling Contract (Doc. 28, *Ex. A*).

**B. Procedural History**

Plaintiff Donald Williams originally filed this action against both Co-Defendants in the Pennsylvania Court of Common Pleas of Bradford County on November 17, 2011.  (Doc. 1, *Ex. A*.)  Braden removed this case to United States District Court for the Middle District of Pennsylvania in December 2011.  (Doc. 1.)

On August 9, 2012, in its answer to Plaintiff's Complaint, Defendant East Resources added a cross-claim against Defendant Braden for contribution and/or indemnification.  (Doc 9, 7-8.)  On August 24, 2012, Braden amended its answer to Plaintiff's initial Complaint to include a cross-claim against co-defendant East Resources.  (Doc. 12.)  Following Answers by both Defendants to cross-claims (Docs. 12 & 13), a Case Management Conference (Doc. 19) and a Case Management Order (Doc. 20), the parties began discovery in August 2013.  On February 24, 2014, I granted a Motion to Extend Discovery until April 1, 2014.  (Doc. 25.)

On April 24, 2014, Braden filed the instant Motion (Doc. 26), a Brief in Support (Doc. 27) and a Statement of Materials Facts (Doc. 28), seeking summary judgment on its cross-claim against East Resources.  On April 30, East Resources filed its Opposition Brief (Doc. 30), which included its Response to Braden's Statement of Material Facts and a Memorandum of Law (Doc. 30-1).  On May 12, Braden filed its Reply Brief to East Resources' Brief in Opposition, in further support of its Motion.  (Doc. 33.)  East Resources also filed a Motion for Summary Judgment against Plaintiff Williams on April 30 (Doc. 29), which I address in a separate Order and opinion.  Braden's Motion for Summary Judgment is ripe for disposition.

## II. Legal Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Wright v. Corning*, 679 F.3d 101, 103 (3d Cir. 2012) (quoting *Orsatti v. N.J. State Police*, 71 F.3d 480, 482 (3d Cir. 1995)). A fact is material if proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. *See Edelman v. Comm'r of Soc. Sec.*, 83 F.3d 68, 70 (3d Cir. 1996). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. 242, 248. An issue of material fact is genuine if "a reasonable jury could return a verdict for the nonmoving party." *Id*.

Where there is a material fact in dispute, the moving party has the initial burden of proving that: (1) there is no genuine issue of material fact; and (2) the moving party is entitled to judgment as a matter of law. *See Howard Hess Denal Labs., Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). The moving party may present its own evidence or, where the non-moving party has the burden of proof, simply point out to the court that "the non-moving party has failed to make a sufficient showing on an essential element of her case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). Once the moving party has satisfied its initial burden, the burden shifts to the non-moving party to either present affirmative evidence

supporting its version of the material facts or to refute the moving party's contention that the facts entitle it to judgment as a matter of law. *Anderson*, 477 U.S. 242, 256-57. The Court need not accept mere conclusory allegations, whether they are made in the Complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

"To prevail on a motion for summary judgment, the non-moving party must show specific facts such that a reasonable jury could find in that party's favor, thereby establishing a genuine issue of fact for trial." *Galli v. New Jersey Meadowlands Comm'n*, 490 F.3d 265, 270 (3d Cir. 2007) (citing Fed. R. Civ. P. 56(e)). "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." *Id*. (quoting *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)). In deciding a Motion for Summary Judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. 242, 249.

### III. Discussion

Braden seeks summary judgment against East Resources on its cross-claim because it asserts that under the express terms of their contract, East Resources must indemnify Braden against Plaintiff Williams' claims and pay to defend Braden in this suit. Braden asserts that section 14.9 of the contract requires East Resources to indemnify it against Williams' claims because Williams was an employee of East Resources' contractor. East Resources asserts that summary judgment is not appropriate because "Braden has failed to resolve ambiguities inherent in the reciprocal indemnity clauses, has failed to demonstrate why it is entitled to relief under Pennsylvania law, and has failed to establish that there are no genuine issues of material fact." (Doc. 30-1, 4.)

East Resources' response to Braden's Motion for Summary Judgment essentially affirms all of Braden's asserted material facts, and fails to introduce any conflicting material facts. (Doc. 30, 2-3.) In examining the evidence of record in the light most favorable to East Resources, and resolving all available inferences in its favor, there are

no genuine issues of material fact. Rather, the question is whether movant Braden is entitled to judgment as a matter of law when the record is viewed in a light most favorable to East Resources, the non-moving party.

Braden's Motion for Summary Judgment turns on whether its contract with East Resources requires East Resources to provide Braden with indemnification and legal costs, and whether this provision is enforceable. Pennsylvania law governs this question of contractual interpretation and application.

East Resources has not pointed to any material facts in dispute, rather, they assert that the contract is ambiguous, and the ambiguity should be resolved by a jury. However, "[u]nder Pennsylvania law, the construction of an indemnity contract is a question of law for the court to decide." *Invensys, Inc. v. Am. Mfg. Corp.*, 2005 WL 600297, at *3–4 (E.D.Pa. Mar. 15, 2005). In interpreting a contract, a court's goal is to determine the intent of the parties in executing that contract. *Meyer v. CUNA Mut. Ins. Soc'y*, 648 F.3d 154, 163-164 (3d Cir.2011).

Under Pennsylvania law, contracts against liability for one's negligence are not favored. *Wright v. Cacciutti*, 2014 WL 988812 (M.D. Pa. Mar. 13, 2014). The court must construe any ambiguous provisions against the party seeking immunity from liability. *Id.* (citing *Dilks v. Flohr Chevrolet, Inc.,* 192 A.2d 682, 687 (Pa.1963); *Chepkevich v. Hidden Valley Resort*, 2 A.3d 1174, 1189 (Pa.2010)). Pennsylvania law does permit indemnification for the indemnitee's own negligence, so long as the indemnity agreement is "clear and unequivocal." *Kiewit E. Co. v. L & R Const. Co.*, 44 F.3d 1194, 1199 (3d Cir. 1995) (citing *Ruzzi v. Butler Petroleum Co.*, 588 A.2d 1, 4 (1991); *Willey v. Minnesota Mining & Mfg. Co.*, 755 F.2d 315, 323 (3d Cir.1985)).

The Third Circuit has put forth a four-prong standard that must be met to enforce an indemnification clause:

> First, the clause must not contravene public policy. Second, the contract must relate solely to the private affairs of the contracting parties and not include a matter of public interest. Third, each party must be a free bargaining agent. In addition, an exculpatory or indemnity clause will not be enforced unless it is clear that the beneficiary of the clause is being relieved of liability only for his/her own acts of negligence. The clause must be construed strictly and the contract must state the intention of the parties with the greatest particularity. Furthermore, any ambiguity must be construed against the party seeking immunity, and that party also has the burden of proving each of the prerequisites to enforcement.

*Am. Stores Properties, Inc. v. Spotts, Stevens & McCoy, Inc.*, 648 F. Supp. 2d 700, 706 (E.D. Pa. 2009) (citing *Valhal Corp. v. Sullivan Assoc.*, 44 F.3d 195, 202 (3d Cir.1995)).

First, East Resources makes no argument that the clause at issue contravenes public policy, except that because this specific factual situation is a matter of first impression under Pennsylvania law, it is not appropriate for summary judgment. I do not find this reasoning persuasive, as novelty is not a factor that weighs against summary judgment. Second, the contract at issues relates solely to the private affairs of the parties, and does not include a matter of public interest. Third, East Resources does not argue that Braden or East Resources were not free bargaining agents when entering into the contract, and the evidence does not suggest this either. Accordingly, the indemnification clause satisfies the first three requirements outlined above.

East Resources asserts its challenge under the final prong, that the contract is too ambiguous to apply to and be enforced in this situation. However, I find there is no ambiguity in the language of the contract, even construing it strictly and against the party seeking immunity, Braden. In agreeing to this contract, the parties stated their intentions with the greatest particularity to cover the facts at issue.

"Pennsylvania courts apply the 'plain meaning' rule of contract interpretation, which assumes 'the intent of the parties to a written contract is to be regarded as being embodied in the writing itself, and when the words are clear and unambiguous, the intent is to be discovered only from the express language of the agreement.'" *Waynesborough*

*Country Club of Chester County. v. Diedrich Niles Bolton Arch'ts, Inc.*, 2008 WL 687485 (E.D. Pa. Mar. 11, 2008) (quoting *Steuart v. McChesney* 444 A.2d 659, 661 (Pa.1982)).

In reading the plain meaning of the provisions that the two parties dispute, 14.9 and 14.8,there is no ambiguity.  In section 14.9 of the contract, East Resources agrees to "release [Braden] of any liability for, and shall protect, defend and indemnify [Braden] from and against all claims . . . . arising in connection herewith in favor of [East Resources'] employees or [East Resource's] contractors of any tier . . . . or their employees . . ." (Doc. 28, *Ex. B*).  As Plaintiff Williams is an employee of East Resources' contractor, Tesco, and the claim is "in favor" of him for personal injuries, this action falls squarely within the plain meaning of this clause.  The clause even includes that it is "without limit and without regard to the or causes thereof or the negligence of any party or parties."  (*Id.*)

East Resources incorrectly asserts that reading section 14.9 in concert with section 14.8 creates ambiguity.  Section 14.9 requires that East Resources indemnify Braden against claims arising in favor of East Resources' employees, contractors and subcontractors and their employees, and invitees, except for "those parties identified in subparagraph 14.8."  *Id.*  East Resources asserts that this means all parties mentioned in Section 14.8, including East Resources and Braden.  However, it is clear from the plain meaning of the text that "parties" in this context means the particular parties that Braden has agreed to indemnify East Resources against, specifically described in section 14.8: "[Braden's] employees or [Braden's] subcontractors of any tier . . . . or their employees." *Id.*  It is clear that section 14.8 sets out Braden's indemnity obligations, and section 14.9 sets out East Resources' indemnity obligations.  To read the exception to section 14.9 as covering East Resources and Braden as entire entities would render the two sections incomprehensible.  It would have the reference back to section 14.8 nullify the indemnity of East Resources.

Section 14.8 provides for Braden to indemnify East Resources regarding actions in favor of Braden's employees, contractors and subcontractors, and their employees.

Section 14.9 provides for East Resources to indemnify Braden for the same occurrences, including East Resources invitees (East Resources owned the site).

The indemnity provision is not ambiguous, even when construed in favor of East Resources, and the contract shows that the parties agreed with specificity that East Resources would indemnify Braden for all claims brought in favor of its contractors and contractors' employees.  Plaintiff Williams is an employee of Tesco, a contractor of East Resources, whose personal injury claim falls squarely within the specific intent of this indemnity agreement.  Thus, Braden can prevail on its claims as a matter of law, and summary judgment is appropriate.

## IV. Conclusion

For the above reasons, Braden's Motion for Summary Judgment on its cross-claim against East Resources will be granted.

An appropriate order follows.


| <u>September 29, 2014</u> | <u>/s/ A. Richard Caputo</u> |
|---|---|
| Date | A. Richard Caputo |
| | United States District Judge |